# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-1018V
Filed: November 2, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | Special Master Sanders |
| KRISTA SCHULTZ, | * | |
| | * | Attorneys' Fees and Costs; Adjusted Hourly |
| Petitioner, | * | Rates. |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Franklin J. Caldwell, Jr., Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On December 26, 2013, Krista Schultz ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of an influenza ("flu") vaccine administered on October 4, 2012, she suffered from Guillain-Barre Syndrome ("GBS"). Petition, ECF No. 1. On April 5, 2017, the undersigned issued a decision pursuant to the parties' Joint Stipulation on Damages. Decision, ECF No. 63.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On September 20, 2017, Petitioner filed an application for attorneys' fees and costs. Petitioner requested attorneys' fees in the amount of $54,078.90 and attorneys' costs in the amount of $3,721.97. *See* Pet'r's Mot. Att'ys' Fees and Costs at 1-2, ECF No. 68. In compliance with General Order #9, Petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. Pet'r's Ex. 12, ECF No. 68-1. Respondent indicated that "[t]o the extent the Special Master is treating [P]etitioner's request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp. at 2 (Oct. 4, 2017), ECF No. 69. Respondent recommended that the undersigned exercise her discretion and determine a reasonable award for attorneys' fees and costs. *Id.* at 3. Petitioner filed a reply shortly thereafter, arguing that Respondent's position burdened the Court and prejudiced Petitioner. Pet'r's Reply 1-2 (Oct. 4, 2017), ECF No. 70. Without specific objections from Respondent, Petitioner claimed, the Court determines fee applications without allowing petitioners the opportunity to respond to any "issues or misperceptions." *Id.* Petitioner then argued that her requested rates are reasonable and that she met her burden establishing the reasonableness of her request. *Id.* at 3-5.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the numbers of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

   a.  **Hourly Rates**

Special Master Gowen determined the reasonable forum rate ranges for attorneys with

2

varying years of experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). Pursuant to *McCulloch*, a forum attorney with more than 20 years of experience may be awarded $350 to $425 per hour. *Id.* An attorney with less than four years of experience, on the other hand, has a reasonable hourly rate between $150 and $225. *Id.*

In the instant case, the undersigned finds the hourly rates requested for attorneys Anne Toale and Franklin Caldwell reasonable based on the ranges in the fee schedules[3] for attorneys with their level of experience. The undersigned finds, however, that it is necessary to adjust the 2017 rate for attorney Cecelia Stultz. Ms. Stultz had been practicing for four years in 2017. *See* Pet'r's Ex. 15 at 1. Thus, she would fall within the $230 to $307 *McCulloch* range, as reflected in the 2017 OSM Attorneys' Forum Hourly Rate Fee Schedule. Ms. Stultz's requested rate of $250 for work performed in 2017 is not appropriate. Pet'r's Ex. 16 at 13, 14. The undersigned finds that $230 is a reasonable hourly rate for Ms. Stultz, which is at the lower end of the rates for attorneys with four to seven years of experience in practice. Thus, Ms. Stultz's total fee award is reduced by $4.00.

The undersigned also finds it necessary to adjust Mr. Caldwell's hourly rate of $300 for travel time in 2013. ECF No. 68-5 at 2. Following *Gruber*, the undersigned will grant half the attorney's rate for traveling, where the attorney does not provide documentation that she or he performed work while traveling. 91 Fed. Cl. 773, 791 (2010); *see also Amani v. Sec'y of Health & Human Servs.*, No. 14-150V, 2017 WL 772536, at *5 (Fed. Cl. Spec. Mstr. Jan. 31, 2017). Therefore, for 12.1 hours of travel time in 2013, Mr. Bader's hourly rate is reduced to $150. The total fee reduction for his travel time is $1,815.

### b. Hours Expended

Petitioner requests compensation for 199.70 hours entered by the Maglio, Christopher & Toale firm. Pet'r's Ex. 16 at 14. Petitioner submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. Based on the lack of objection from Respondent and my review of Petitioner's motion, I find that the hours expended are reasonable and should be awarded in full.

### c. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $3,721.97

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The hourly rates contained within both schedules are updated from the decision *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

in attorneys' costs. Pet'r's Ex. 17 at 2. These costs are associated with medical record retrieval, postage, expert expenses, travel expenses, and a filing fee. *See generally* ECF No. 68-6. The undersigned finds them to be reasonable and awards them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $54,078.90 |
| (Reduction to Ms. Schultz's Rate in 2017) | -$4.00 |
| (Reduction to Mr. Caldwell's Travel Rate in 2013) | -1,815.00 |
| **Total Attorneys' Fees Awarded** | **$52,259.90** |
| **Attorneys' Costs Awarded** | **$3,721.97** |
| **Total Attorneys' Fees and Costs Awarded** | **$55,981.87** |

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable with the above reductions. In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the following amount: $55,981.87, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Franklin John Caldwell, Jr., of Maglio, Christopher & Toale, PA.** [4] In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).